IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY ROSE, | : | |
| | : | Civil Action No. 4: 07-CV-00056 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Judge McClure) |
| TRIPLE CROWN | : | |
| NUTRITION, INC, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

March 2, 2007

**BACKGROUND:**

On December 28, 2006, plaintiff Jeremy Rose commenced this action by filing a complaint in the Court of Common Pleas of Centre County, Pennsylvania against defendant Triple Crown Nutrition, Inc. In his complaint, plaintiff asserts claims for invasion of privacy (Count I), misappropriation of commercial value (Count II), and a violation of the Lanham Act, 15 U.S.C. § 1125(a) (Count III) based upon defendant's alleged unauthorized use of a photograph of plaintiff.

On January 10, 2007, defendant removed the case to the United States District Court for the Middle District of Pennsylvania.

On January 17, 2007, defendant filed a motion to dismiss counts I and II of

the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Rec. Doc. No. 6.) The motion is now fully briefed and ripe for our decision. Now, for the following reasons, we will deny defendant's motion.

**DISCUSSION:**

## I. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906

F.2d 100, 103 (3d Cir. 1994).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

## II. Statement of Relevant Allegations

The following allegations are taken from the plaintiff's complaint. Plaintiff is a jockey who rode the horse Afleet Alex to victory in the Preakness Stakes on May 21, 2005. (Pl.'s Compl, Rec. Doc. No. 1-2, ¶¶ 5, 7.) Defendant is a manufacturer and distributer of feed for horses. (Id. ¶ 2.) A photograph of plaintiff's win at the Preakness was taken by a third-party. (Id. ¶ 7.) Defendant purchased that photograph without plaintiff's knowledge or consent and then used it in its advertisements and on its bags of feed. (Id. ¶¶ 8, 9, 12.)

## II. Defendant's Motion to Dismiss

### A. Invasion of Privacy Claim

Defendant argues that to set forth a cause of action for invasion of privacy in

Pennsylvania, a plaintiff must allege that there was an intentional intrusion into the seclusion of his or her private concerns which was highly offensive to a reasonable person. (Rec. Doc. No. 9, at 4.) This argument appears to contend that intrusion into seclusion is the only type of invasion of privacy. We disagree. The Restatement (Second) of Torts separates invasion of privacy into four distinct torts: 1) Intrusion upon seclusion; 2) Appropriation of name or likeness; 3) Publicity given to private life; and 4) Publicity placing a person in a false light. RESTATEMENT (SECOND) OF TORTS § 652B-E. Pennsylvania has adopted these sections of the Restatement (Second) of Torts. Vogel v. W. T. Grant Co., 458 Pa. 124, 130, 327 A.2d 133, 136 (1974).

The Restatement (Second) of Torts describes a tortfeasor who has committed an invasion of privacy by appropriation of name or likeness as "[o]ne who appropriates to his own use or benefit the name or likeness of another." RESTATEMENT (SECOND) OF TORTS § 652C. Furthermore, the Restatement provides the following example of such a tort: "A is an actress, noted for her beautiful figure. B, seeking to advertise his bread, publishes in a newspaper a photograph of A, under the caption, 'Keep That Sylph-Like Figure by Eating More of B's Rye and Whole Wheat Bread.' B has invaded A's privacy." Id. illus. 1. Plaintiff's allegations are nearly identical to this illustration. He has alleged that

defendant used a photograph of plaintiff in its advertisements and on its bags of feed. Thus, it seems clear to us that plaintiff has stated a valid claim for invasion of privacy by appropriation of his name or likeness. Therefore, we will deny defendant's motion to dismiss with respect to plaintiff's claim for invasion of privacy.

B. Misappropriation of Commercial Value Claim

Defendant argues that Pennsylvania has not recognized a cause of action for misappropriation of commercial value of his identity. (Rec. Doc. No. 6, at 6.) Plaintiff, on the other hand, argues that such a claim is characterized by Pennsylvania courts as a "right of publicity" claim. (Rec. Doc. No. 8-1, at 5.)

Although not expressly adopted by the Pennsylvania Supreme Court, at least one lower Pennsylvania court has recognized a right of publicity. Hogan v. A.S. Barnes and Co., 114 U.S.P.Q. 314, 320 (Philadelphia County Court of Common Pleas 1957). Furthermore, federal courts have also noted that Pennsylvania recognizes a right of publicity. World Wrestling Federation Entertainment Inc. v. Big Dog Holdings, Inc., 280 F.Supp.2d 413, 443-44 (W.D.Pa. 2003) (Cercone, J.); Brockum Co. v. Blaylock, 729 F.Supp. 438, 445 (E.D.Pa. 1990) (Van Antwerpen, J.); Eagle's Eye, Inc. v. Ambler Fashion Shop, Inc., 627 F.Supp. 856, 862 (E.D.Pa. 1985) (Newcomer, J.); Gee v. CBS, Inc., 471 F.Supp. 600, 662 (E.D.Pa. 1979)

(Becker, J.). Thus, we are persuaded that Pennsylvania recognizes a right of publicity.

A defendant violates a plaintiff's right of publicity by "appropriating its valuable name or likeness, without authorization, [and using] it to defendant's commercial advantage." World Wrestling Federation Entertainment Inc., 280 F.Supp.2d at 443-44 (quoting Philadelphia Orchestra Ass'n v. Walt Disney Co., 821 F.Supp. 341, 349 (E.D.Pa. 1993)). This right protects against commercial loss caused by appropriation of a name or likeness. Eagle's Eye Inc., 627 F.Supp. at 862 (quoting J.T. McCarthy, TRADEMARKS AND UNFAIR COMPETITION § 10:21 at 375 (2d ed. 1984)). It grants a person an exclusive right to control the commercial value of his or her name or likeness and to prevent others from exploiting it without permission. Id. (quoting Bi-Rite Enterprises, Inc. v. Button Masters, 555 F.Supp. 1188, 1198 (S.D.N.Y. 1983).

First, we note that although similar, the right of publicity is not identical to invasion of privacy by appropriation of name or likeness. Invasion of privacy by appropriation of name or likeness does not require the appropriation to be done commercially. RESTATEMENT (SECOND) OF TORTS § 652C cmt. b. (1977). As just mentioned, the right of publicity protects against commercial loss caused by appropriation of a name or likeness. In other words, the invasion of privacy by

appropriation of name or likeness is a personal right created to protect one's privacy, while the right of publicity more closely resembles a property right created to protect commercial value.

Second, we do not find it particularly important that plaintiff labeled the second count of his complaint as "Misappropriation of Plaintiff's Commercial Value of His Identity Commercial Value." This count clearly alleges the elements required for a right of publicity claim. Furthermore, plaintiff clarified that he was asserting a right of publicity claim in this count in his opposition to defendant's motion to dismiss. (Rec. Doc. No. 8, at 5.)

Finally, we think it is clear that plaintiff's complaint has alleged a cause of action based on the right of publicity. He has alleged that defendant used his photograph without authorization and for its own commercial advantage. (Id. ¶¶ 8, 9, 12.) This is all that he needed to do to allege a cause of action based on the right of publicity. Therefore, we will deny defendant's motion to dismiss with respect to plaintiff's claim for right of publicity.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

Defendant's Motion to Dismiss is DENIED. (Rec. Doc. No. 6).

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge